Amy Nussbaum Gell, Gell & Gell, New York, NY, for Petitioner.

OIL, David H. Wetmore, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Baljinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen or reconsider. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reconsider because Singh did not identify any error or fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1). The BIA also did not abuse its discretion in denying Singh's motion to reopen because he did not establish that his proffered evidence would likely change the result in the case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir.2008) (contention petitioner filed application did not suffice to meet "heavy

burden" of proving new evidence would likely change result) (citation omitted). Further, contrary to Singh's contentions, the record shows the BIA properly and adequately reviewed his motion.

In addition, we lack jurisdiction to review Singh's contentions regarding the agency's previous analysis of his claim under the Convention Against Torture because he failed to raise them to the BIA in his motion. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). Finally, to the extent Singh challenges the underlying agency decisions, we lack jurisdiction because this petition is not timely as to those decisions. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

Maritza **MARQUEZ–VILLATORO**, a.k.a. Maritza Villatoro Ruiz, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–70103.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 19, 2012.*

Filed Dec. 28, 2012.

Maritza Marquez–Villatoro, Los Angeles, CA, pro se.

OIL, Nancy Naseem Safavi, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Maritza Marquez–Villatoro, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Marquez–Villatoro established extraordinary circumstances to excuse her untimely asylum application. *See* 8C.F.R. § 1208.4(a)(5). We lack jurisdiction to review Marquez–Villatoro's contention related to equitable tolling of the one-year filing requirement, because she failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). Accordingly, her asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination based on multiple inconsistencies within Marquez–Villatoro's testimony, and between her testimony, application and written statement, regarding significant aspects of her claim. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the REAL ID Act's 'totality of the circumstances' standard). Marquez–Villatoro's explanations for the inconsistencies do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). In the absence of credible testimony, Marquez–Villatoro's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Marquez–Villatoro's CAT claim fails because it is based on the same statements found not credible, and the record does not otherwise compel the finding that it is more likely than not she would be tortured if returned to El Salvador. *See id.* at 1156–57.

Finally, we lack jurisdiction to review Marquez–Villatoro's contentions related to the government's burden of proving deportability, her fear of future harm from gangs and police, and her cancellation of removal claim because she failed to raise them to the agency. *See Barron*, 358 F.3d at 678.

We deny as moot Marquez–Villatoro's motion to reconsider her request for a stay of removal. *See* 9th Cir. R. 27–10.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.